ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    OCT 2 8 2008    ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

STANISLAW MISIEWICZ on behalf of himself and on behalf
of all others similarly situated,

                                        Plaintiff,

-against-

D'ONOFRIO GENERAL CONTRACTORS CORP.,
D'ONOFRIO BROS CONSTRUCTION CORP.,
DLH TECHNOLOGIES, INC., DIEGO CONSTRUCTION,
INC., DIEGO MAINTENANCE INC., ANGELA BARBARA,
JERRY D'ONOFRIO, HARRY L. D'ONOFRIO,
JOHN D'ONOFRIO, VINCENT D'ONOFRIO,
TURNER CONSTRUCTION CO, and CONTI ENTERPRISES

                                        Defendants.

--------------------------------------------------------------------------------X

**CLASS ACTION
COMPLAINT 05 4377**

**JURY TRIAL
DEMANDED**

SIFTON

## COMPLAINT

1.      Plaintiff Stanislaw Misiewicz ("Misiewicz") on behalf of himself and on

behalf of others similarly situated, by his attorneys, Robert Wisniewski P.C., as and for

his Complaint against the Defendants D'Onofrio General Contracting Corp. ("Donofrio

General"), D'Onofrio Bros. Construction Corp. ("Donofrio Bros.") (collectively,

"Donofrio Corps."), DLH Technologies, Inc. ("DLH"), Diego Construction, Inc. ("Diego

Construction"), Diego Maintenance Inc. ("Diego Maintenance") (collectively, "Diego

-1-

Corps.") (Donofrio Corps. and Diego Corps. are referred to as collectively, the "Donofrio Companies "), Jerry D'Onofrio ("Jerry"), Vincent D'Onofrio ("Vincent"), and John D'Onofrio ("John"), Harry L. D'Onofrio ("Harry"), Angela Barbara ("Barbara") (collectively, the "Individual Defendants") (the Donofrio Companies and the Individual Defendants are referred to collectively as, the "Donofrio Group"), Turner Construction Co. ("Turner"), and Conti Enterprises ("Conti") allege as follows:

## NATURE OF THE ACTION

2.      Plaintiff, on behalf of himself and on behalf of all others similarly situated (See **Exhibit 1**), brings this action against the Donofrio Companies, Conti, Turner, and the Individual Defendants to recover unpaid wages, unpaid overtime wages, prevailing wages, union wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA"), the New York Minimum Wage Act (New York State Labor Law Articles 6 and 19) ("NYMWA"), and New York State Labor Law ("Labor Law") § 198-b and §193.

3.      The Individual Defendants are the officers, shareholders, managers and/or majority owners of the Donofrio Companies, which provide services in the area of construction to the public as well as on city, state and federal public job sites within the New York City area.

4.      Plaintiff and others similarly situated have been employed by Donofrio Companies as welders and other manual laborers, who regularly worked over 40 hours per week, but were not compensated properly for the hours they worked and the overtime hours.

## PARTIES, JURISDICTION AND VENUE

5.     Plaintiff, at all relevant times herein, was and is a resident of the State of New York, County of Kings.

6.     Defendants Donofrio Companies and Turner and Conti at all relevant times herein, were and are domestic business corporations duly organized under, and existing by virtue of, the laws of the State of New York, and having their principal place of business within the State of New York, except Defendant Conti which was formed under the laws of New Jersey and whose principal place of business is in New Jersey.

7.     The Individual Defendants at all relevant times herein were and still are residents of the State of New York, County of Kings.

8.     The Individual Defendants are the officers, directors, managers and/or majority shareholders or owners of the Defendants Donofrio Companies and as ten largest shareholders are individually responsible for unpaid wages under the New York Business Corporation Law (See **Exhibit 2**).

9.     This Court has subject matter jurisdiction over this action pursuant to 28 USC §1331, in that this action arises under 29 U.S.C. § 217 (FLSA), 28 U.S.C. §1337 (Regulation of Commerce) and the National Housing Act (42 U.S.C. § 1437). This Court has jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

10.     The Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that the employees of said Defendants handle, sell or otherwise

work on goods or materials that have been moved in or produced for interstate commerce, and defendants are thus employers subject to the jurisdiction of the FLSA.

11.     This Court has personal jurisdiction over the Defendants Donofrio Companies and Turner and Conti and the Individual Defendants in that all Defendants are the citizens and residents of the State of New York, and over Defendant Conti, which upon information and belief, does continuous business in the State of New York.

12.     This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b).

## JURY DEMAND

13.     Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

14.     Plaintiff Misiewicz was an employee of the Donofrio Group during the six years immediately preceding the initiation of this action and has performed labor and services as a welder (i.e., a non-overtime exempt worker) as defined by the FLSA and the NYMWA and regulations promulgated by the Department of Labor's Wage and Hour Division, but Plaintiff has not received the compensation required by the FLSA, the NYMWA and/or the common law of the State of New York.

15.     At all times herein, Defendant Donofrio Corps. were and still are domestic corporations duly organized under, and existing by virtue of, the laws of the State of New York, having their principal places of business at 1239 60th Street, Brooklyn, NY 11219-4900.

16.     At all times herein, Defendant DLH was and still is a domestic

-4-

corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 1161 60th Street, Brooklyn, NY 11219-4925.

17.     At all times herein, Defendants Diego Corps. were and still are domestic corporations duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 1157 60th Street, Brooklyn, NY 11219-4925.

18.     At all times herein, Defendant Turner was and still is a domestic corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 375 Hudson St. New York, New York, 10014.

19.     At all times herein, Defendant Conti was and still is a domestic corporation duly organized under, and existing by virtue of, the laws of the State of New Jersey, having its principal place of business at 1 Cragwood Rd South, Plainfield, New Jersey, 07080.

20.     Defendants Donofrio Companies, Turner, and Conti are engaged in the provision of goods and services relating to construction at various private and public works projects and the like within the State of New York and the State of New Jersey.

21.     Plaintiff Misiewicz was employed by Defendants Donofrio Group from approximately September of 2002 through September of 2007. Plaintiff Misiewicz worked at the following projects, which is not an exhaustive list:

> a)     Mott Haven in the Bronx from 2006 until 2007.

b)    Astoria from 2006 until 2007.

c)    14th Street in Manhattan from 2003 until 2005
d)    59th Street in Manhattan in 2006
e)    Brunswick in the Bronx from 2005 until 2006
f)    Madison Ave. in Brooklyn from 2005 until 2006
g)    Westside Highway, Piers 76, 88, 90, and 92 in Manhattan from 2004 until 2005
h)    Waterway Ferry Terminal Piers 14 and 17 in Manhattan in 2005
i)    Pier 4 in Brooklyn in 2005
j)    Coney Island Bridge in 2005
k)    36h Street Pier Brooklyn in 2005

22.    Plaintiff regularly worked at least 40 hours per week but was not paid for all the time he worked for Defendants Donofrio Group.

23.    Plaintiff regularly worked in excess of 40 hours per week but was not paid the proper overtime rate under Federal and New York State law.

24.    Plaintiff, and others similarly situated, were covered by, and/or intended to benefit from, the provisions of New York Labor Law and/or other federal laws, in respect to his work on the projects for which he provided labor.

25.    Upon information and belief, Defendants Turner and Conti were general contractors on various projects and subcontracted to Defendants Donofrio Group perform work on such projects.

26.    At all times relevant herein, the Individual Defendants have acted for and on behalf of Defendants Donofrio Companies with the power and authority vested in them as officers, agents and employees of Defendants Donofrio Companies and have acted in the course and scope of their duties and functions as agents, employees and officers of Defendants Donofrio Companies.

-6-

27.     Defendants Donofrio Bros, Donofrio General, DLH, Diego Maintenance and Diego Construction are alter egos of each other, and as will be established at trial, for the purpose of the claims made by Plaintiff herein, Donofrio Bros, Donofrio General, DLH, Diego Maintenance, and Diego Construction have no separate legal existence from each other, and, as a result, Donofrio Bros., Donofrio General, DLH, Diego Maintenance and Diego Construction, individually and collectively, and jointly and severally, are liable for all claims made herein.

28.     Defendants Donofrio Bros, Donofrio General, DLH, Diego Maintenance and Diego Construction are alter egos of the Defendants Jerry, Vincent , Harry, and John, and Barbara and as will be established at trial, for the purpose of the claims made by Plaintiff herein, Defendants Donofrio Bros, Donofrio General, DLH, Diego Maintenance and Diego Construction have no separate legal existence from the Defendants Jerry, Vincent, Harry, John, and Barbara , and, as a result, Defendants Jerry, Vincent, Harry, John, and Barbara, individually and collectively, and jointly and severally, are liable for all claims made herein.

29.     Upon information and belief, Donofrio Group has substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership to the extent necessary to be considered alter egos of each other.

30.     At all times relevant herein, Defendants Donofrio Companies were joint venturers with each other, and have conducted business as a general partnership with each other.

31.     At all times herein, Defendants Donofrio Bros. and Donofrio General have

-7-

operated out of the same address.

32.     At all times herein, Defendants Diego Maintenance and Diego Construction have operated out of the same address.

33.     Upon information and belief, at all times herein, Defendants Donofrio Companies used the same employees and the same tools and equipment.

34.     At all times relevant herein, each of the Individual Defendants has directly managed, handled, or been responsible for, the payroll and/or payroll calculations and signing or issuing checks for the Plaintiff and others or by virtue of his or her position with Defendants Donofrio Companies has been responsible for the proper management and handling of the payroll and payroll calculations at Defendants Donofrio Companies.

35.     The various violations of law which are alleged herein were committed intentionally and/or willfully by the Defendants.

36.     The Individual Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their positions as controlling owners, shareholders, directors, officers and/or managers of Defendants Donofrio Companies, have assumed personal liability for the claims of the Plaintiff, and those who are similarly situated, herein.

### Scheme Entered Into By Defendants Donofrio Group as Subcontractors to Avoid Paying Prevailing Wages

37.     Defendants Turner and Conti served as general contractors on many of the public works projects and subcontracted work to Diego Corps. The contract signed by Conti and Turner called for the payment of prevailing wages to all workers and tradesmen

working on such projects.

38.     Upon information and belief, Defendants Diego Corps. entered into a subcontracting arrangement with Donofrio Corps. and DLH under which the employees of Donofrio Corps. and DLH would perform the work contracted by Diego Corps.

39.     Upon information and belief, Donofrio Corps. and DLH would pay their workers less than the prevailing wage required by state and federal law.

40.     Upon information and belief, Defendants Donofrio Group would pocket the difference between the required wage under state and federal law and the wage actually paid to Plaintiff and others similarly situated.

### Scheme Entered Into By Defendants Donofrio Group to Avoid Paying Prevailing Wages

41.     Upon information and belief, Defendants Donofrio Group entered into the following scheme: Defendants Diego Corps. would enter into contracts with government instrumentalities on public works projects to provide construction services. Such contracts called for the payments of prevailing wages to all workers and tradesmen working on such projects.

42.     Upon information and belief, Defendants Diego Corps. would subcontract with Donofrio Corps. and DLH to perform the services contracted as part of Defendants Diego Corps.' contracts with the government instrumentalities.

43.     Upon information and belief, Donofrio Corps. and DLH would pay their workers less than the prevailing wage required by state and federal law and incorporated into the public works contracts.

44.    Upon information and belief, Defendants Diego Corps. were aware that Plaintiff and others similarly situated were not paid the proper wages under state and federal law.

45.    Upon information and belief, Defendants Donofrio Group would pocket the difference between the required wage under state and federal law and the wage actually paid to Plaintiff and others similarly situated.

**_Scheme Entered Into By Defendants Donofrio Group to Avoid Paying Wages Required by the Collective Bargaining Agreements Entered into Between Diego Corps. and Multiple Unions_**

46.    Upon information and belief Diego Corps. entered into collective bargaining agreements ("<u>CBAS</u>") with Construction & General Building Laborers' Local 79, as well as another union (collectively, "<u>The Unions</u>").

47.    The intended purpose of these CBAS was to protect all employees of Defendant Diego Corps. hired to perform manual labor (as defined by the Agreements) in New York City and its vicinity during the duration of these CBAS and to insure that any and all grievances, disputes or differences between Diego Corps. and said employees were peaceably settled.

48.    Because they were performing the work contracted for and controlled by the CBAS entered into by Defendants Diego Corps., Plaintiff and other employees of Defendants Donofrio Corps. and DLH who are similarly situated were the intended third-party beneficiaries of these agreements.

-10-

49.     Upon information and belief, Plaintiff and other employees of Defendant Donofrio Corps. and DLH who are similarly situated performed the work that was contracted for by Defendant Diego Corps. and controlled by the CBAS entered into by Defendant Diego Corps.

50.     Defendants Donofrio Group then paid the workers less than required by these union contracts.

51.     Upon information and belief, Defendants Donofrio Group then pocketed the difference between the wages required by the CBAS and those actually paid to the Plaintiff and others similarly situated.

52.     At some point during his employment, Misiewicz became aware of the existence of The Unions and tried to join them but was prevented from doing so by Jerry, who denied the existence of said unions.

53.     Upon information and belief, Defendants Donofrio Group prevented Misiewicz and others similarly situated from joining the unions with the express intention of denying Misiewicz his right to collect proper wages called for by the CBAS.

54.     Upon information and belief, by preventing Misiewicz and others similarly situated  from joining The Unions, Defendants Donofrio Group obviated the effectuality of these CBAS by enabling Defendant Donofrio Corps. and DLH to pay their employees lower wages than those mandated by the CBAS.

53.     Upon information and belief, as a result of this scheme, Plaintiff and other employees of Defendant Donofrio Corps. who are similarly situated were paid at significantly lower rates than those prescribed in the Collective Bargaining Agreements.

## CLASS ALLEGATIONS

56.    Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants Donofrio Group and Turner and Conti as carpenters, masons, painters, handymen, welders, and laborers and performed work, labor and services but did not receive the compensation required by the FLSA, other provisions of the Federal Labor Law, the NYMWA, and the common law of the State of New York.

57.    Upon information and belief, this class of persons consists of not less than one hundred (100) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

57.    There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of the Plaintiff and others similarly situated by Defendants Donofrio Group is subject to the jurisdiction and the wage, prevailing wage and overtime requirements of the FLSA and the NYMWA and the common law of New York, and whether Defendants violated said laws by failing to pay Plaintiff and others similarly situated wages, overtime wages, and prevailing wages required under state and federal law, as well as the CBAS between The Unions and the Defendants. Only the amount of individual damages sustained by each class member will vary.

59.    The claims of the Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected

-12-

by the acts and practices of Defendants Donofrio Group.

60.    Defendants Turner and Conti are responsible for the payment of prevailing wages to Plaintiff and others similarly situated under provisions of N.Y. Labor Law § 219.

61.    The Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

62.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

63.    The Plaintiff brings the first through the fifth claims for relief herein on behalf of himself individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that the Plaintiff and all persons similarly situated have against Defendants Donofrio Group, Turner and Conti as a result of Defendants Donofrio Group and Turner and Conti's violations of the FLSA, the New York Labor Law, other provisions of the Federal Labor Law and the common law of the State of New York.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract Against Defendants Donofrio Group)

64.    Plaintiff repeats and realleges each and every allegation as previously set forth.

-13-

65.     Plaintiff and all others similarly situated agreed to perform work and services as laborers for the Defendants and were entitled to wages they rightfully earned while working for the Defendants.

66.     Plaintiff and all others similarly situated are the intended third party beneficiaries of the public works construction contracts entered into between Defendants Turner, Conti and some of the Defendants Donofrio Group and the various governmental instrumentalities, including without limitation the terms and conditions thereof mandating payment of prevailing wages and prevailing wage supplements to workers such as Plaintiff and others similarly situated supplying labor thereunder.

67.     Plaintiff and all others similarly situated supplied labor in connection with and in furtherance of the work required under construction contracts Turner, Conti and some of the Defendants Donofrio Group had with various governmental instrumentalities.

68.     In accordance with the terms and conditions of these construction contracts with various governmental instrumentalities, and the relevant provisions of the New York Labor Law and various federal laws relating to "prevailing wages" to be paid to employees of Defendants Donofrio Group and Turner and Conti, Plaintiff and others similarly situated should have been paid the prevailing wages and prevailing wage supplements mandated for the type of labor Plaintiff and others similarly situated supplied in connection with, and in furtherance of, the work contemplated by such contracts.

69.     Defendants Donofrio Group knowingly and willfully failed or refused to pay Plaintiff the prevailing wage and prevailing wage supplements for regular and

-14-

overtime hours of work in connection with the execution of these contracts with various governmental instrumentalities.

70.     Defendants Donofrio Group and Turner and Conti's failure or refusal to pay Plaintiff, and others similarly situated, the prevailing wages and prevailing wage supplements constitutes a material breach of the Corporate Defendants' contracts with various governmental instrumentalities.

71.     That by virtue of the foregoing breach of contract by Defendants Donofrio Group and Turner and Conti, Plaintiff and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff should have been paid in prevailing wages and prevailing wage supplements, less amounts actually paid to Plaintiff, together with an award of interest, costs, disbursements, and attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (NYMWA Violations Against Defendants Donofrio Group)

72.     Plaintiff repeats and realleges each and every allegation previously made herein.

73.     Pursuant to the NYMWA, Labor Law Articles 6 and 19, Labor Law § 198 and the Wage Orders issued under the NYMWA at 12 N.Y.C.R.R. §§ 137-143, Plaintiff and others similarly situated were entitled to certain hourly minimum wages, overtime wages, and other wages, all of which the Defendants Donofrio Group intentionally failed to pay in violation of such laws.

74.     Wherefore Plaintiff seek a judgment against all Defendants for all

wages which should have been paid, but were not paid, pursuant to the NYMWA and the

Wage Orders issued thereunder and the other provisions of the Labor Law; the total

amount of such unpaid wages to be determined at trial upon an accounting of the hours

worked by, and wages paid to Plaintiff and others similarly situated, in addition to an

award of attorneys' fees, interest and costs as provided under the NYMWA and Labor

Law § 198 and § 663.

### THIRD CLAIM FOR RELIEF

**(Third-Party Beneficiary Claim For Union Wages Against Defendants Donofrio**

**Group)**

75.    Plaintiff repeats and realleges each and every allegation previously

set forth herein.

76.    Defendants Donofrio Corps. DLH and Diego Corps. were required,

under the Collective Bargaining Agreements entered into with The Unions, to pay their

employees, including Plaintiff and others similarly situated, a wage that was specified in

these CBAS or was incorporated by reference into these CBAS.

77.    Plaintiff and others similarly situated were persons covered by, or

the intended third-party beneficiaries of, the CBAS entered into by Defendant Diego

Corps. with The Unions.

78.    Defendants Donofrio Corps. DLH and Diego Corps. violated the

provisions of the CBAS in that they failed to pay the Plaintiff and others similarly

situated the prevailing wages as required by those Agreements.

79.    Plaintiff and others similarly situated did not receive the monies

they were due as intended third-party beneficiaries of the CBAS, which provided for the

payment of certain wages, and accordingly, seek a judgment for damages based upon an

accounting of the amount of monies Plaintiff and others similarly situated were paid and

the amount Plaintiff and others similarly situated should have been paid in wages, in

addition to an award of interest, costs, disbursements, and attorneys' fees, as allowed by

the relevant statutes and such other relief as the Court deems proper.


## FOURTH CLAIM FOR RELIEF
### (Third-Party Beneficiary Claim For Prevailing Wages Against Defendants Donofrio Group and Defendants Turner and Conti)

80.     Plaintiff repeats and realleges each and every allegation previously set

forth herein.

81.     Defendants were required, under New York Labor Law and Federal laws,

to pay their employees, including the Plaintiff and all others similarly situated a

"prevailing wage" that was specified for each trade in such contracts or was incorporated

by reference into such contracts.

82.     Plaintiff and all other similarly situated persons were

persons covered by, or the intended beneficiaries of, the contracts entered into by the

Defendants Donofrio Group and Turner and Conti with the various instrumentalities of

city, state and federal government to perform work on publicly financed projects, which

were covered by the provisions of New York Labor Law and various federal laws.

83.     Defendants violated the provisions of New York Labor Law in that

-17-

they failed to pay the Plaintiff and all other similarly situated persons the prevailing wages required under the relevant laws.

84.     The Plaintiff and all other similarly situated persons did not receive the monies they were due as beneficiaries of New York Labor Law and/or various federal laws, which provided for the payment of prevailing wages, and as a result, seek a judgment for damages based upon an accounting of the amount of monies Plaintiff was paid and the amount Plaintiff should have been paid in prevailing wages, together with an award of interest, costs, disbursements, attorneys' fees, as allowed by the relevant statutes and such other relief as the Court deems proper.

## FIFTH CLAIM FOR RELIEF
### (FLSA Claim Against Defendants Donofrio Group)

85.     Plaintiff repeats and realleges each and every allegation previously set forth herein.

86.     Plaintiff brings this claim on behalf of himself and others similarly situated for relief pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 552.  Pursuant to these provisions, Plaintiff and others similarly situated were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week.

87.     Plaintiff and others similarly situated worked more than forty hours per week for Defendant Donofrio Group, and Defendant Donofrio Group willfully failed

to make said minimum wage and/or overtime payments.

88.     Plaintiff seeks a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff and others similarly situated, in addition to an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against all Defendants as follows:

1.     Compensatory damages in an amount to be determined at trial, together with interest;

2.     Liquidated damages pursuant to the FLSA and New York Labor Law Section 198;

3.     Punitive damages in an amount to be determined at trial;

4.     Interest and Plaintiff's costs and reasonable attorneys' fees;

Together with such other and further relief that the Court deems just.

Dated:  New York, New York
        October 28, 2008

ROBERT WISNIEWSKI P.C.

By: _____
        Robert Wisniewski
        Attorneys for Plaintiff
        225 Broadway, Suite 612
        New York, New York  10007
        (212) 267-2101

To:

Donofrio General Contracting Corp.
1239 60th Street,

-19-

Brooklyn, NY 11219-4900.

Donofrio Bros. Construction Corp.
1239 60th Street,
Brooklyn, NY 11219-4900.

Turner Construction Co.
375 Hudson Street
New York, NY 10014

Conti Enterprises
One Cragwood Road
South Plainfield, NJ 07080

DLH Technologies, Inc.
1161 60th Street
Brooklyn, NY 11219-4925

Diego Construction, Inc.
1157 60th Street
Brooklyn, NY 11219-4925

Diego Maintenance Inc.
1157 60th Street
Brooklyn, NY 11219-4925

Jerry D'Onofrio
202 28th Street
Brooklyn, NY 11232

John D'Onofrio
1443 Bay Ridge Pkwy
 Brooklyn, NY 11228-2212

202 28th Street Box Street
Brooklyn, NY 11232-1604

5611 13th Ave Apt Pvt
Brooklyn, NY 11219-4520

Vincent D'Onofrio
1923 72nd Street 2
Brooklyn, NY 11204-5348

-20-

1927 72nd Street
 Brooklyn, NY 11204-5348

Harry L. D'Onofrio
95 79th Street
Brooklyn, NY 11209-3507

Angela Barbara
5611 13th Ave.
Brooklyn, NY 11219-4520

# EXHIBIT 1

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

STANISLAW MISIEWICZ on behalf of himself and on behalf
of all others similarly situated,

                              Plaintiffs,            **CONSENT TO SUE**

                -against-

D'ONOFRIO GENERAL CONTRACTORS CORP.,
D'ONOFRIO BROS CONSTRUCTION CORP.,
DLH TECHNOLOGIES, INC., DIEGO CONSTRUCTION,
INC., DIEGO MAINTENANCE INC., ANGELA BARBARA,
JERRY D'ONOFRIO, HARRY L. D'ONOFRIO,
JOHN D'ONOFRIO, VINCENT D'ONOFRIO,
TURNER CONSTRUCTION CO, and CONTI ENTERPRISES

                              Defendants.

---------------------------------------------------------------------------X

        By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action under Section 216(b) of the FLSA and agree to act as a representative of others similarly situated and to make decisions on my behalf and on behalf of others similarly situated concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit.

*Stanislaw Misiewicz*
Print Name

*160-88 81R APTA3*
Address

*BROOKLYN NY 11209*
Address

*S M [signature]*
Sign Name

*918-238-0919*
Telephone

*9/24/08*
Date

TO:

ROBERT WISNIEWSKI P.C.
Attorneys at Law
225 Broadway, Suite 612 New York, NY 10007
(212) 267-2101

# EXHIBIT 2

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:    ANGELA BARBARA
       JERRY D'ONOFRIO
       HARRY L. D'ONOFRIO
       JOHN D'ONOFRIO
       VINCENT D'ONOFRIO

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that STANISLAW MISIEWICZ and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of D'ONOFRIO GENERAL CONTRACTORS CORP., D'ONOFRIO BROS CONSTRUCTION CORP., DLH TECHNOLOGIES, INC., DIEGO CONSTRUCTION, INC., DIEGO MAINTENANCE INC. for all debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       October 28, 2008

ROBERT WISNIEWSKI P.C.

By: _____
    Robert Wisniewski (RW-5308)
Attorneys for Plaintiff
225 Broadway, Suite 612
New York, New York  10007
(212) 267-2101

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:    D'Onofrio General Contracting Corp.
1239 60th Street,
Brooklyn, NY 11219-4900

D'Onofrio Bros. Construction Corp.
1239 60th Street,
Brooklyn, NY 11219-4900

DLH Technologies, Inc.
1161 60th Street
Brooklyn, NY 11219-4925

Diego Construction, Inc.
1157 60th Street
Brooklyn, NY 11219-4925

Diego Maintenance Inc.
1157 60th Street
Brooklyn, NY 11219-4925

PLEASE TAKE NOTICE, that STANISLAW MISIEWICZ and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporations and to make extracts thereform on or after five (5) days from receipt of this notice.

Dated: New York, New York
October 28, 2008

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski (RW-5308)

Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, New York  10007
(212) 267-2101